NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102
    Facsimile: (213) 894-6269
    E-mail:    andrew.brown@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY YOHAI, <br><br> Defendant. | No. CR 18-11-AB <br><br> GOVERNMENT'S REPLY RE. *EX PARTE* APPLICATION FOR JUDICIAL FINDING THAT DEFENDANT BREACHED HIS PLEA AGREEMENT <br><br> Current Hearing: May 17, 2019 <br>                      1:30pm |

**MEMORANDUM OF POINTS AND AUTHORITIES**

On April 2, 2019, the government filed an ex parte application for a judicial finding that defendant had breached his plea agreement. (Doc. 53.) The application included an 11-page brief that enumerated the breaches, and was supported by 15 pages of exhibits demonstrating them, as well as a 41-page affidavit that demonstrated many of those breaches in evidentiary detail. (CR 18-834-AB, doc. 1.) On April 15, 2019, the government also filed an under seal supplement on the breach motion that included another affidavit and 94 more pages of exhibits to support the government's factual assertions.

Defendant, however, could not be bothered to take a position on a single fact, let alone on whether a breach had occurred on any of the enumerated grounds. Instead, in a 21-*line* brief that contains nothing that is specific to this case, he "disputes the government's factual assertions" without further identifying them, and requests "an evidentiary hearing" on the facts he refused to address. (Doc. 59, page 2.)

Defendant relies on United States v. Packwood, 848 F.2d 1009 (9th Cir. 1998) for his claim that in "cases involving disputed issues of fact, the Court should hold an evidentiary hearing to determine whether there has been a breach." (Doc. 53 page 2). In Packwood, the Ninth Circuit actually affirmed the district court's decision not to hold an evidentiary hearing, and reaffirmed the general rule that whether or not to hold an evidentiary hearing is a decision committed to the sound discretion of the district court. Id. at 1010 (reviewing denial of evidentiary hearing for abuse of discretion). As the Packwood court stated:

> General or conclusory factual allegations are not enough to require a hearing, but where sworn statements and exhibits present directly contradictory accounts of events, a hearing is required.

Id. (citations and quotations omitted). Yet defendant has offered even *less* than the "conclusory factual allegations" Packwood found insufficient to warrant an evidentiary hearing. Defendant has merely claimed that he "disputes" the government's allegations.

**A. Defendant failed to comply with the local rules in requesting an evidentiary hearing without identifying disputed facts and submitting a declaration with exhibits**

The Local Civil Rules apply to criminal cases. Local Civil Rule 1-4(a) ("as used in these Local [Civil] Rules: (a) 'Court' includes

the judge . . . to whom a civil or <u>criminal</u> action . . . has been assigned.") (emphasis added); Local Criminal Rule 57-1 ("Applicability of Local Civil Rules.  When applicable directly or by analogy, the Local [Civil] Rules of the Central District of California shall govern the conduct of criminal proceedings before the District Court, unless otherwise specified.").

The Local Rules establish a preference for resolving factual contentions on the written record alone, without an evidentiary hearing.  L.R. 7-6 ("Factual contentions involved in any motion and opposition to motions shall be presented, heard, and determined upon declarations and other written evidence (including documents, photographs, deposition excerpts, etc.) alone, except that the Court may, in its discretion, require or allow oral examination of any declarant or any other witness.").  Accordingly, defendant's opposition to the government's breach motion had to include the evidence upon which defendant would rely at the hearing.  L.R. 7-9 ("Each opposing party shall . . . file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion.").

Defendant's flouting the Local Rules and ignoring his obligation to file a "complete memorandum" including the "evidence" on which he will rely hardly obligates the Court to hold an evidentiary hearing, as defendant contends.  The rationale behind the Local Rules is to require the parties to put forth their positions and evidence so that the Court can see what is genuinely in dispute, versus what has

3

already been established in the record.  If defendant were to submit a sworn declaration that directly contradicted some of the breach allegations the government raises, then the Court could elect to have an evidentiary hearing on the disputed facts identified in the record, or might decide instead to rule that defendant had breached his plea agreement based on other, undisputed allegations.  But defendant cannot violate the Local Rules and thereby force the Court to slog through an evidentiary hearing on all of the alleged breaches, as he desires.  As the Ninth Circuit explained in the sentencing context, a "defendant cannot have it both ways: He or she cannot say that there are mistakes and then stand mute without showing why they are mistakes." <u>United States v. Roberson</u>, 896 F.2d 388, 391 (9th Cir. 1990) (rejecting defendant's claim that the district court failed to resolve disputed facts when defendant "failed to proffer or to present . . . a factual scenario at odds with that set forth in the pre-sentence report").  Indeed, to hold such an evidentiary hearing now would reward defendant for violating the Local Rules by giving him an opportunity to cross-examine the case agent on the new crimes alleged in CR 18-834-AB, which are the basis for many of the alleged breaches.

**Conclusion**

Defendant had an opportunity and the obligation to set forth any evidence that he contends undercuts the government's breach of plea allegations.  Having failed to submit any, the Court is free to, and should, rule on the breach motion based on the declarations and exhibits provided by the government.

In the alternative, the Court could allow defendant additional time to submit any declarations and exhibits that he wants the Court

4

to consider before it rules on the record before it, as required by the Local Rules.  If the Court, after receiving defendant's new factual submissions, decides an evidentiary hearing is necessary, the government asks that it be held before May 9, or after June 3, 2019, because the case agent and declarant has surgery scheduled for May 9 and will have difficulty moving for the following weeks.

Dated: April 18, 2019                    Respectfully submitted,

                                         NICOLA T. HANNA
                                         United States Attorney

                                         LAWRENCE S. MIDDLETON
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                          *Andrew Brown*
                                         ANDREW BROWN
                                         Assistant United States Attorney

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA